**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215)545-8917
(215) 575-0826 (fax)
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDIE NOBLE** | : | |
| **73 Maffett Street** | : | |
| **Plains, PA 18705** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | |
| | : | |
| **AMAZON.COM SERVICES, INC.,** | : | |
| **298 First Avenue** | : | **Complaint and Jury Demand** |
| **Covington Township, PA 18424** | : | |
| | : | |
| **202 Westlake Avenue North** | : | |
| **Seattle, WA 98109** | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Brandie Noble, by and through her attorney, Koller Law LLC hereby files this Complaint against Defendant, Amazon.com Services, Inc. (hereinafter "Defendant") alleging that her rights, pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.,* have been violated.  In support thereof, Plaintiff avers as follows:

## PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff, Brandie Noble (hereinafter "Plaintiff"), is an adult individual who is domiciled in Pennsylvania.

3. Plaintiff initiated this action to recover damages and equitable relief under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, hereinafter referred to as the "FMLA."

4. Defendant employed Plaintiff since March 10, 2018 until her termination on June 20, 2019.

5. Defendant is an online retailer with a location at 298 First Avenue, Covington Township, PA 18424 with a corporate headquarters located at 202 Westlake Avenue North, Seattle, WA 98109.

6. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

7. Defendant is an entity engaged in an industry or activity affecting commerce which employed 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

## JURISDICTION & VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. Subject Matter Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331, and under the FMLA, 29 U.S.C. § 2601 *et seq.*

10. This Court may properly maintain Personal Jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

11. Venue is appropriately laid in the United States District Court for the Middle District of Pennsylvania inasmuch as all parties regularly conduct business within this District and the acts complained of by Plaintiff arose herein.

**MATERIAL FACTS**

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. On March 10, 2018, Defendant hired Plaintiff as a Tier 1 Employee.

14. Plaintiff was well qualified for her position and performed well.

15. On April 6, 2019, Plaintiff discovered that she was pregnant.

16. The next day, Plaintiff notified Christopher Balogach, Outbound Area Manager, that she was pregnant.

17. On April 10, 2019, Plaintiff spoke with Andrea Grendzinski and Erin Bridges, Safety Specialists, about her pregnancy and of Defendant's pre-accommodations for pregnant employees that she required before she was able to see her physician.

18. Ms. Grendzinski and Mr. Bridges informed Plaintiff of Defendant's pre-accommodations. However, the availability of Family and Medical Leave Act ("FMLA") leave was not brought up to Plaintiff.

19. Later that day, Plaintiff spoke with Amy LNU, Human Resource Representative, about receiving pre-accommodations.

20. However, Amy told Plaintiff that she could not give them to her.

21. In addition, Amy told Plaintiff that Defendant would only give her three (3) days off at the most for her pregnancy. Amy laughed while she told Plaintiff this and said Plaintiff would never be approved for FMLA or get the time off that she desired.

22. Amy did not inform Plaintiff of her rights under the FMLA, and her actions and comments actually discouraged Plaintiff from asserting her federally protected rights.

23. On April 14, 2019, Joyce LNU, Human Resource Manager, apologized for the information that Amy gave to Plaintiff and informed her that she would receive pre-

accommodations of no lifting, pushing or pulling more than 25 lbs. until May 2, 2019.

24. However, Joyce did not inform Plaintiff of her rights under the FMLA and how she was to be eligible for FMLA leave.

25. She also provided Plaintiff with a Healthcare Provider Accommodation Form to be filled out by her physician during her examination.

26. However, Mr. Balogach did not provide her with the pre-accommodations and continued to assign Plaintiff tasks in which she had to lift, push or pull more than 25 lbs.

27. On April 30, 2019, Plaintiff sustained an injury due to not receiving the pre-accommodations and was forced to leave work to receive treatment at Moses Taylor Hospital due to spotting.

28. Plaintiff was required to miss work at Defendant on approximately two (2) other occasions in order to receive treatment at Moses Taylor Hospital due to spotting.

29. Defendant was aware of the reason for Plaintiff's absences, but did not notify Plaintiff that she was eligible for FMLA leave.

30. In or around the end of April 2019, Plaintiff reported Chaz Mason (non-disabled), Tier 1, committing a safety violation to Ms. Grendzinski.

31. On May 1, 2019, Mr. Balogach issued Plaintiff a final written warning for allegedly committing two (2) safety violations when Mr. Mason committed his safety violation.

32. He also stated to Plaintiff, "If you do anything else, you know you are fired right?"

33. However, Mr. Balogach only issued Mr. Mason a single discipline for his safety violation that she reported.

34. On June 6, 2019, Mr. Balogach inquired when Plaintiff's FMLA eligible maternity leave would start.

35. Plaintiff informed Mr. Balogach that her FMLA eligible maternity leave would start in or around November 2019, and that she intended to use the leave she was entitled to under the law.

36. He told Plaintiff that he thought it was scheduled much earlier and then walked away.

37. Plaintiff was not showing, and was confused as to why Mr. Balogach questioned her about her future FMLA qualified-maternity leave.

38. On June 13, 2019, Rick LNU, Operations Manager, informed Plaintiff that he reviewed tape from June 6, and saw her sweeping with one (1) chain in her area up and one (1) down.

39. He informed Plaintiff that she needed to submit a witness statement regarding the incident.

40. Plaintiff notified Rick that she always sweeps her work area like she did on June 6, but it had never been an issue until now.  Rick walked away as she spoke to him.

41. On June 20, 2019, Plaintiff was brought in to meet with Mr. Balogach and Amy who terminated her for alleged safety violations.

42. Plaintiff did not commit safety violations.

43. Upon information and knowledge, employees who did not take and did not intend to take FMLA leave, including, but were not limited to, Mr. Mason, Kevin LNU, Tier 1, and even Mr. Balogach committed multiple safety violations, but were not disciplined or terminated by Defendant for doing so.

44. It is Plaintiff's position that Defendant interfered with her rights under the FMLA and retaliated against her for her intention of utilizing her rights under the FMLA.  Mr. Balogach knew that she intended to take time off that qualified for protection under the

FMLA.

## COUNT I - INTERFERENCE
## VIOLATION of the FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff was pregnant which required her to take maternity leave and FMLA leave in order to recover from giving birth.

47. Plaintiff gave Defendant proper notice of her pregnancy and of her need for FMLA leave during her maternity leave.

48. Defendant was aware that Plaintiff would require absences from work were the result of Plaintiff's medical condition.

49. Plaintiff was entitled to benefits under the FMLA.

50. Defendant failed to provide Plaintiff with individual written notice under the FMLA.

51. Defendant knew that Plaintiff intended to use FMLA, and interfered with Plaintiff's exercise of her federally protected rights.

52. As a result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT II – RETALIATION
## FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*

53. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

54. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for Family and Medical Leave Act Leave.

55. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave.

56. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

57. Plaintiff was entitled to benefits under the FMLA.

58. Plaintiff told Defendant that she expected to exercise her FMLA rights.

59. Defendant terminated Plaintiff and that termination was related to Plaintiff's attempt to exercise her FMLA rights.

60. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's pursuit of her FMLA rights.

61. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

62. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and liquidated damages under the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW LLC

Date: October 12, 2020      **By:**   *s/ David M. Koller*
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*