# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDIE NOBLE, | : |
| Plaintiff, | : 3:20-CV-01876 |
| v. | : (JUDGE MARIANI) |
| AMAZON.COM SERVICES, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On October 12, 2020, Plaintiff Brandie Noble filed the above-captioned action against Defendant Amazon.com Services (hereinafter "Amazon"), alleging interference (Count I) and retaliation (Count II) under the Family Medical Leave Act ("FMLA"). Amazon was served with the Summons and Complaint on January 6, 2021 (Doc. 4) and thus had until January 27, 2021 to respond to the Complaint pursuant to Fed. R. Civ. P. 12(a)(1).

On March 25, 2021, Amazon having failed to plead or otherwise defend the action, Plaintiff moved for default pursuant to Fed. R. Civ. P. 55(a). (Doc. 5). The Clerk of Court entered default against Defendant Amazon that same day. (Doc. 7).

On March 26, 2021, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) and requested a hearing as to damages. (Doc. 8). Counsel for Defendant entered an appearance on April 2, 2021 (Doc. 9) and filed a letter informing the Court that it had "reached out to counsel for Plaintiff, Mr. Koller, to request that Plaintiff consent to

vacating the default in this matter and extending Defendant's time to respond to the complaint" and stating that if no agreement could be reached, Defendant would file a motion to vacate the entry of default (Doc. 10). On April 22, 2021, no agreement having been reached, Amazon filed a "Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint" pursuant to Fed. R. Civ. P. 55(c) and 60(b). (Doc. 15). For the reasons set forth below, Defendant's Motion will be granted and Plaintiff's Motion for Default Judgment will be denied as moot.

## II. FACTUAL ALLEGATIONS

The Court summarizes herein the factual allegations contained in Plaintiff's Complaint.

Plaintiff alleges that on March 10, 2018, Amazon hired her as a Tier 1 Employee and that she was "well qualified for her position and performed well." (Doc. 1, at ¶¶ 13, 14).

After Plaintiff discovered that she was pregnant on April 6, 2019, she notified Christopher Balogach, Outbound Area Manager, and also spoke with Andrea Grendzinski and Erin Bridges, Safety Specialists, about her pregnancy and about Amazon's pre-accommodations for pregnant employees. (*Id.* at ¶¶ 15, 16, 17). Plaintiff alleges that Grendzinski and Bridges informed her of Amazon's pre-accommodations but did not "b[ring] up" FMLA leave. (*Id.* at ¶ 18).

Plaintiff also spoke with Amy LNU, Human Resource Representative, about receiving pre-accommodations but was told she could not receive them. (*Id.* at ¶¶ 19, 20).

2

Amy further allegedly told Plaintiff that Amazon would only give her three days off for her pregnancy and said Noble would never be approved for FMLA or get the time off that she desired. (*Id.* at ¶ 21). Amy did not inform Noble of her rights under the FMLA. (Doc. 1, at ¶ 22). However, Joyce LNU, Human Resource Manager, later informed Noble that she would receive pre-accommodations of no lifting, pushing or pulling more than 25 lbs. until May 2, 2019. (*Id.* at ¶ 23). Plaintiff alleges that Joyce did not inform her of her rights under the FMLA and that she may be eligible for FMLA leave. (*Id.* at ¶ 24).

Noble claims that Balogach did not provide her with the pre-accommodations and continued to assign her tasks in which she had to lift, push or pull more than 25 lbs. (*Id.* at ¶ 26).

On April 30, 2019, Plaintiff sustained an injury, which she alleges occurred due to not receiving the pre-accommodations, and had to leave work to receive medical treatment due to spotting. (Doc. 1, at ¶ 27). Plaintiff was also required to miss work at Amazon on approximately two other occasions in order to receive medical treatment due to spotting. (*Id.* at ¶ 28). Plaintiff alleges that Amazon was aware of the reason for Plaintiff's absences but did not notify her that she was eligible for FMLA leave. (*Id.* at ¶ 29).

Noble states that in or around the end of April 2019, she reported to Grendzinski that Chaz Mason, a non-disabled individual and Tier 1 employee, had committed a safety violation. (Doc. 1, at ¶ 30).

On May 1, 2019, Balogach issued Noble a final written warning for allegedly committing two safety violations when Mason committed his safety violation. (*Id.* at ¶ 31). However, Balogach only issued Mr. Mason a single discipline for the safety violation that Noble reported. (*Id.* at ¶ 33).

On June 6, 2019, Balogach inquired when Noble's FMLA eligible maternity leave would start and Plaintiff informed him that her FMLA leave would start in or around November 2019, and that she intended to use it. (*Id.* at ¶¶ 34, 35).

On June 13, 2019, Rick LNU, Operations Manager, informed Noble that he reviewed tape from June 6, and saw her sweeping with one chain in her area up and one chain down and that she needed to submit a witness statement regarding the incident. (*Id.* at ¶¶ 38, 39). Noble informed Rick that she always swept her work area in that manner but that it had never been an issue until now. (*Id.* at ¶ 40).

On June 20, 2019, Plaintiff was brought in to meet with Balogach and Amy who terminated her for alleged safety violations, which Noble claims she did not commit. (Doc. 1, at ¶¶ 41, 42).

Plaintiff thus alleges that employees who did not take, and did not intend to take, FMLA leave, committed multiple safety violations but were not disciplined or terminated by Amazon for doing so and that Amazon interfered with her rights under the FMLA and retaliated against her for her intention of utilizing her rights under the FMLA. (*Id.* at ¶¶ 43, 44).

## III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

"An entry of default is a purely ministerial act carried out by a court clerk on request in cases in which a defendant has 'failed to plead or otherwise defend.'" *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 457 n.2 (3d Cir. 2011) (quoting Fed. R. Civ. P. 55(a)). An entry of default differs from a default judgment. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 270 n.5 (E.D. Pa. 2014). Although Fed. R. Civ. P. 55(c) governs both, the Third Circuit has explained:

> There is a distinction between a default standing alone and a default judgment. If a judgment by default has been entered, it may be set aside "in accordance with Rule 60(b)." *Id*. Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment. Thus, "(a)ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment." 10 C. Wright & A. Miller, Federal Practice and Procedure s 2696 at 334 (1973).

*Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

Whether good cause exists for setting aside an entry of default is left to the sound discretion of the Court. *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D.

5

Pa. 2001) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-195 (3d Cir. 1984)). As a general matter, the Third Circuit has indicated "that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). In determining whether there exists good cause that would justify setting aside a default, courts consider following factors: "'(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'" *Braverman Kaskey, P.C. v. Toidze*, 599 F.App'x 448, 453 (3d Cir. 2015) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). *See also*, *Emcasco Ins. Co v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) ("The applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.") (collecting cases).

Here, upon a balancing of the applicable factors, and in light of the Third Circuit's disfavor of judgments by default, the Court finds that the entry of default must be set aside and the action should be resolved through a determination of the merits.

With respect to the first factor, Noble will not be prejudiced if the default is lifted. "Under Rule 55, the prejudice requirement compels plaintiff[] to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased

6

potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley*, 202 F.R.D. at 147-148; *see also AccuWeather, Inc. v. Reuters Ltd.*, 779 F.Supp. 801, 802 (M.D.Pa. 1991) ("Prejudice exists if circumstances have changed since entry of the default such that plaintiffs ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable.")

Noble fails to set forth any argument as to how her ability to litigate her claims is materially impaired nor does she point to any evidence that is lost or unavailable or demonstrate an increased potential for fraud or collusion. Rather, Plaintiff's assertion of prejudice is premised entirely on the argument that the Federal Rules of Civil Procedure must be "enforced equally" and that because she "is forced to do things timely in order to perfect her claim like file within the statute of limitations or serve within a period of time", the Court would be "excus[ing] Defendant from something of which Plaintiff would not be excused." (Doc. 16, at 4). This argument is wholly unpersuasive and focuses solely on procedural issues and rules, none of which have prevented Plaintiff from pursuing this action. This case is not one in which Plaintiff's ability to litigate her claim is now impaired, nor does Plaintiff argue otherwise, and Plaintiff's assertion of prejudice due to the need to "enforce[] equally" the Federal Rules of Civil Procedure ignores the strong preference that a case be allowed to reach a determination of the merits. *See Feliciano*, 691 F.2d at 657 ("Union has not suggested that its ability to pursue the claim has been hindered since the entry of the default judgment. It has not asserted loss of available evidence, increased

potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice."); *AccuWeather, Inc.*, 779 F.Supp. at 802 ("Detriment in the sense that plaintiff will be required to establish the merit of its claims does not constitute prejudice in this context.").[1]

In addition, although this action was commenced in October of 2020 (Doc. 1), Amazon was first served on January 6, 2021 (Doc. 4). Less than one week after Plaintiff filed her motion for default judgment (Doc. 8) on March 26, 2021, counsel for Defendant entered an appearance in this action (Doc. 9) and immediately notified the Court that he had contacted counsel for Plaintiff, "to request that Plaintiff consent to vacating the default in this matter and extending Defendant's time to respond to the complaint" (Doc. 10). This timeline demonstrates that, at most, Defendant's failure to respond resulted in a delay of approximately two months, which alone is insufficient to demonstrate prejudice. *See e.g. Dizzley*, 202 F.R.D. at 148 ("Three months delay, without more, does not establish prejudice to [Plaintiff]."). *See also, Feliciano*, 691 F.2d at 656-657 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

---

[1] Plaintiff's argument that the Federal Rules of Civil Procedure must be properly enforced further ignores that Federal Rule of Civil Procedure 55(c), by permitting a court to "set aside an entry of default for good cause", Fed. R. Civ. P. 55(c), specifically contemplates a remedy where a defendant "has failed to plead or otherwise defend", Fed. R. Civ. P. 55(a). In setting aside default here, the Court is, in fact, enforcing the Federal Rules of Civil Procedure and applying the discretion afforded to the Court under Rule 55(c).

As a result, Noble has not offered the Court any argument or evidence to demonstrate that she suffered prejudice as a result of Defendant's delay beyond any minimal harm inherent in the brief passage of time itself.

Amazon has also offered facially meritorious defenses. To establish a meritorious defense for the purposes of setting aside a default, the moving party need only produce a defense that is "litigable," *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), or "not 'facially unmeritorious'", *Emcasco Ins. Co.* 834 F.2d at 74 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)).

Amazon sets forth several *prima facie* meritorious defenses. Defendant first argues that Plaintiff's Complaint fails to plead a claim for FMLA interference because "the Complaint contains no factual allegations that she actually applied for or was denied any FMLA benefits to which she was entitled." (Doc. 15, at 8-9). Amazon also asserts that it terminated Plaintiff's employment for a legitimate, non-discriminatory reason, a defense to Plaintiff's FMLA retaliation claim. (*Id.* at 10). Amazon additionally sets forth a number of factual allegations which, if proven, may support a finding in Defendant's favor on one or both of Plaintiff's claims. (*See id.* at 9, 10-11). In response to Defendant's assertion of meritorious defenses, Plaintiff merely reiterates the factual allegations of the Complaint and contends that these facts support her claims. In so doing, Plaintiff is necessarily requesting that this Court impermissibly make factual findings, *i.e.* accept as true the factual allegations set forth in her Complaint and fully disregard Defendant's factual allegations to the contrary,

and further that this Court prematurely determine whether Defendant's legal arguments will ultimately prevail. *See Emcasco*, 834 F.2d at 74 ("We need not decide the legal issue at this time; it is sufficient that [Defendant's] proffered defense is not facially unmeritorious.") (internal quotation marks omitted); *Dizzley*, 202 F.R.D. at 148 ("On its face, [Defendant's] claims amount[] to the assertion of a legitimate non-discriminatory reason for firing [Plaintiff]. While [Plaintiff] goes to great lengths to demonstrate that the facts do not bear out [Defendant's] claims, the Court, given the procedural posture of the case, can only consider the facial validity of [Defendant's] defenses."). Thus, in the present action, the meritorious defense prong also weighs in favor of setting aside the entry of default.

In addition, insufficient evidence exists to determine whether Defendant's conduct was excusable or culpable. Amazon explains in detail the multiple procedural measures that it follows "to ensure that complaints are routed appropriately to allow the Company to respond to litigation promptly." (Doc. 15, at 12-14). Amazon admits that these processes were not followed and submits two employee declarations in support of its assertion that the present litigation was "inadvertently missed" (*id.* at 15). Of note, the Declaration of Raina Jones, Corporate Counsel, Labor and Employment, for Amazon Services, LLC, admits that she "inadvertently missed" an email from the Regional Human Resources Manager-East Region, that other communication channels, separate from employee email accounts, are in place to ensure that the Litigation & Regulatory Team are alerted to new cases and assigned to an attorney, and that she "was not aware of this case until receiving notice of

the entry of default on March 30, 2021" and that "[u]pon learning about the case, [she] immediately retained outside counsel to represent and defend Amazon in this action." (Decl. of Raina Jones, Doc. 15-1). The Declaration of Katrina Malaro, Regional Human Resources Manager-East Region, confirms that she emailed the Complaint to Jones, but did not send the Complaint to the intake team and did not follow-up with Jones to "ensure she was aware of my email." (Decl. of Katrina Malaro, Doc. 15-1). Plaintiff argues that Amazon's "legal team ignored the Complaint" and states that "[t]here is no explanation why the legal department at the largest online retailer in the world could not simply forward the Complaint to the intake team or otherwise respond or ensure that the matter is appropriately addressed and handled." (Doc. 16, at 3). Plaintiff further claims that Defendant's admission that one of its agents was properly served and its awareness of Plaintiff's claim necessarily indicates culpable conduct. (*Id.*). Plaintiff's conclusions of culpable conduct request this Court to make factual inferences that are completely unsupported by the record. Although the actions, and inactions, of Defendant's agents are easily characterized as negligent, the evidence of record does not approach a showing that the delay in responding to this case was "culpable." See *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995) ("To be 'culpable,' the conduct leading to the entry of default must have been willful, intentional, reckless or in bad faith. More than mere negligence is required."). Thus, the "excusability or culpability" prong of the Court's analysis weighs in favor of setting aside default.

Finally, entering a default judgment where Defendant has demonstrated facially meritorious defenses and where the delay in responding to Plaintiff's Complaint was brief and Defendant now indicates that it is prepared to proceed, would constitute the severest of sanctions, especially when, as here, Amazon has clearly expressed its intention to litigate the case on its merits. Given the strong preference of courts to decide cases on their merits instead of on default, and in light of the relatively short and not clearly culpable nature of Amazon's delay, the Court is compelled to set aside the Clerk's entry of default.

In sum, each of the factors discussed herein favors setting aside the default entered on March 25, 2021. Further, in setting aside the default, Plaintiff's motion for default judgment will be rendered moot.

## IV. CONCLUSION

For the foregoing reasons, Defendant Amazon's "Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint" (Doc. 15) will be granted and Defendant will be ordered to file a responsive pleading within 21 days of the date of the accompanying order.[2] Plaintiff's Motion for Default Judgment (Doc. 8) will be denied as moot.

A separate Order follows.

_____
Robert D. Mariani
United States District Judge

---

[2] Upon review of the parties' briefs, the respective positions of the parties reveal that the allegations of Plaintiff's Complaint, while arguably stating claims for interference and retaliation under the FMLA, are directly controverted by the factual assertions made by Defendant in connection with its presentation of its "meritorious defenses." In light of this, the parties should consider refraining from dispositive motion practice until after the completion of discovery.